UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Christopher D. McDowell, #302045, | ) C/A No. 4:08-752-CMC-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )REPORT AND RECOMMENDATION |
| | ) |
| State of South Carolina/SCDC, | ) |
| | ) |
| Respondent. | ) |

Petitioner, Christopher D. McDowell, ("petitioner/McDowell"), is an inmate in the custody

of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his

petition for a  writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 6, 2008.  Respondent

filed a motion for summary judgment on July 25, 2008, along with supporting memorandum. The

undersigned issued an order filed July 25, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th

Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible

consequences if he failed to respond adequately. Petitioner filed a response in opposition of

respondent's motion for summary judgment on August 26, 2008.


I.  **PROCEDURAL HISTORY**

The procedural history as set out by the respondent has not been seriously disputed by the

petitioner. Therefore, the undisputed procedural history as stated by the respondent is set forth

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

herein.

Petitioner is currently confined at the Tyger River Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Laurens County. Petitioner was indicted at the July Term of the Laurens County Court of General Sessions for two counts each of Distribution of Crack Cocaine and Distribution of Crack Cocaine within Proximity to a School or Public Park (2003-GS-30-591 and 2003-GS-30-592); and at the August Term of the Laurens County Court of General Sessions for one count each of Distribution of Crack Cocaine and Distribution of Crack Cocaine within Proximity to a School or Public Park (2003-GS- 30-686).

On May 17, 2004, petitioner's case was called to trial. A jury was selected, and the trial was set to begin on May 19, 2004. On May 19, 2004, petitioner waived his right to a trial by jury and pleaded guilty to all six charges. Due to prior convictions, petitioner's charges were treated as third offenses. The Honorable James W. Johnson, Jr., Circuit Judge sentenced him to confinement for a period of fifteen (15) years and $100,000 for each of the distribution charges, and ten (10) years and $10,000 for each of the proximity charges, all to run concurrently.

Petitioner did not file a direct appeal. Petitioner filed an Application for Post-Conviction Relief on September 9, 2004, (2004-CP-30-705), alleging ineffective assistance of counsel because 1) trial counsel failed to remove herself as lead counsel for lack of competence; 2) trial counsel failed to object to the trial judges' decision that she was competent to conduct a trial after trial counsel informed the court on record that she was not competent to represent petitioner, thus pushing petitioner into an involuntary, unknowingly guilty plea; 3) trial counsel failed to conduct an investigation into the charges that petitioner was facing; 4) trial counsel failed to object to the adding

2

on of additional charges instead of asking petitioner what his plea was concerning the additional charges; 5) trial counsel refused and/or was barred by the Solicitor's office to call the confidential informant as a witness for defense; and 6) trial counsel failed to object to the obvious malicious prosecution that Solicitor's office was pursuing as evidenced by a comment made by the trial court. App. 40-41. Respondent filed its Return on July 15, 2005. App. 51. On April 17, 2006, an evidentiary hearing was held before the Honorable Wyatt T. Saunders. App. 53. Petitioner was present at the hearing and was represented by Rita M. Metts, Esquire. Id. Julie M. Thames, Esquire, of the South Carolina Attorney General's Office represented respondent. Id. By Order dated May 31, 2006, Judge Saunders denied and dismissed with prejudice petitioner's Application for Post-Conviction Relief. App. 111-118.

In its Order, the PCR Court noted that it reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. App. 115. Further, the PCR Court reviewed the Clerk of Court records regarding the subject convictions, the petitioner's records from the South Carolina Department of Corrections, the PCR application, the guilty plea transcript, and legal arguments of counsel. App. 115-16. Pursuant to S.C. Code Ann. § 17-27-80 (1985), the PCR Court made the findings of fact based upon all of the probative evidence presented.

The Court found the allegation that trial counsel's representation fell below reasonable professional norms was without merit. App. 116. Trial counsel testified that she met with petitioner and discussed the charges, the potential penalties and whether to enter a guilty plea or proceed to trial. Id. She testified that she was prepared for trial in spite of petitioner's dissatisfaction with her ability to try the case. Id. The PCR Court found trial counsel's testimony to be more credible than

3

that of petitioner and that trial counsel did the best she could with a client who was not cooperating with her. Id. Trial counsel testified that petitioner was easily identifiable on the video-tape and that a drug transaction was clearly taking place on the tape. Id.

Petitioner emphasized counsel's alleged lack of experience in defending criminal cases, particularly in trials regarding drug offense charges. App. 116. The PCR Court stated the courts do not presume ineffective assistance of counsel from a lack of criminal trial experience. Id. (citing Yohey v. Collins, 985 F.2d 222 (5th Cir. 1993)). The PCR Court found that trial counsel had handled numerous criminal cases and that her representation in this case was well within the range expected of attorneys in this state. App. 116. Trial counsel testified that while she had not done a jury trial in a drug case, she had done several criminal trials and was very familiar with jury trials. Id. The PCR Court further found that the transcript reflected that petitioner was primarily concerned with obtaining a continuance and not with trial counsel's ability to handle the case and that he was making complaints against trial counsel as a means to secure the continuance. Id.

The PCR Court concluded that petitioner failed to carry his burden of proof to show that trial counsel's representation fell below reasonable professional norms or that he was prejudiced by the alleged deficient representation. App. 117. The PCR court found that petitioner's former trial counsel rendered reasonably effective assistance under prevailing professional norms and demonstrated a normal degree of skill, knowledge, and professional judgment that is expected of an attorney in a criminal case. Id. (citing Strickland v. Washington and Cherry v. State). Additionally, the PCR court concluded that petitioner did not carry his burden to show a reasonable probability that the result would have been different had trial counsel done what petitioner alleges she should or should not have done. App. 117. (citing Johnson v. State).

4

As to any and all allegations, which were or could have been raised in the application or at the hearing, but were not specifically addressed in the Order, the PCR Court found that petitioner failed to present any probative evidence regarding such allegations stating that these allegations were not supported by any law and were not addressed at the hearing. Id. Accordingly, the PCR Court found that petitioner waived the allegations and failed to meet his burden of proof regarding them. Id. Accordingly, they were denied and dismissed with prejudice. Id.

A timely Notice of Appeal was filed on behalf of petitioner on June 12, 2006. On appeal, petitioner was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense. Petitioner's counsel perfected the appeal by filing a Johnson Petition for Writ of Certiorari. Petitioner also filed a *pro se* Petition for Writ of Certiorari in response to the Johnson Petition.

In the Johnson Petition, counsel argued that petitioner's guilty plea was not voluntarily and knowingly made. In the *pro se* Petition, petitioner also argued that the guilty plea was not voluntarily and knowingly made. Petitioner also argued that trial counsel was ineffective and left petitioner with no other choice but to plead guilty.

On November 15, 2007, the South Carolina Supreme Court denied petitioner's Petition for Writ of Certiorari. After careful consideration of the entire record as required by Johnson v. State, the Court denied the petition and granted counsel's request to withdraw. The Remittitur was filed on December 4, 2007.

## II. PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, petitioner raises the following Grounds:

5

| | |
|---|---|
| Ground One: | Denied right of due process - state failed to prove elements of "Distribution" |
| Ground Two: | Ineffective Assistance of Counsel - Appointed counsel failed to adequately challenge the validity of Charge, and/or indictment. |
| Ground Three: | Denied right of due process - Not allowed to Discharge, and/or "Replace" the Counsel appointed me by the Courts |
| Ground Four: | Denied Right of Due Process - Not provided Preliminary Hearing, as Consistent with SOUTH CAROLINA's Constitutional Rights. |

On July 21, 2008, petitioner filed a document entitled "supplemental to petition for relief from a conviction or sentence." In this supplement, petitioner asserts three Grounds.

Ground (1):    (A)    FAILING TO OBJECT TO THE INSUFFICIENT INDICTMENT DERIVED THE TRIAL COURT OF SUBJECT MATTER JURISDICTION

        (1)    Ineffectiveness of trial counsel

The petitioner contends that trial counsel was ineffective for failing to object to an insufficient indictment that did not contain the elements knowledge or intent which are essential elements of distribution of an unauthorized controlled substance before the Jury was sworn, thus depriving the trial curt of subject matter jurisdiction.

Ground (2):    PETITIONER'S CONSTITUTIONAL RIGHTS WERE NOT PROTECTED WHEN THE COURT FAILED TO UP-HOLD PETITIONER'S RIGHTS TO HAVE COUNSEL FREE OF CONFLICT OF INTEREST (See U.S. v. Armedo-Sarmiento C.A.N.Y. (1975)), 524 F.2d 591. Also See P.C.R. Transcript pp. 19, lines 18-20.

Ground (3):    PETITIONER'S CONSTITUTIONAL RIGHTS WERE NOT

PROTECTED WHEN COUNSEL DID NOT EXPLAIN IN DETAIL THE (3) THREE RIGHTS WHICH WERE WAIVED BY PLEA. Admissibility of confession must be based on reliable determination on voluntariness issue which satisfies constitutional rights of defendant. (See Jackson v. Denno, 378 U.S. 368, 387, 84 S.Ct 1774, 1786, 12 L.Ed 2d 908).

In order for Petitioner's plea (waiver) to be valid under Due Process Clause, it must be an intentional relinquishment or abandonment of a known right or privilege. (See Johnson v. Zerbst, 304 U.S. 458-464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

(Petition and Supplement).

## III. SUMMARY JUDGMENT

On July 25, 2008, the respondent filed a return and memorandum of law in support of his motion for summary judgment. Petitioner responded to the motion for summary judgment.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on

the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since McDowell filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

## V.   DISCUSSION AS TO PROCEDURAL BAR

### A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows

relief when a person "is in custody in violation of the Constitution or laws or treaties of the United

States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state

courts before seeking relief in the federal court. When subsections (b) and (c) are read in

conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts

before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as

10

> a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims.  Rose 455 U.S. at 515.

2. Procedural bypass

11

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

12

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v.

Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the

claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be

ignored and the federal court may consider the claim. Where a petitioner has failed to comply with

state procedural requirements and cannot make the required showing(s) of cause and prejudice, the

federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court,

and is precluded by state rules from returning to state court to raise the issue, he has procedurally

bypassed his opportunity for relief in the state courts and in federal court.  A federal court is barred

from considering the  filed claim (absent a showing of cause and actual prejudice). In such an

instance, the exhaustion requirement is technically met and the rules of procedural bar apply.

Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman

v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and

George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4.  Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which

have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry

v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show

sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman

v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray

v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI.  ANALYSIS

Respondent argues that petitioner has not properly exhausted any of the claims raised in his habeas petition in that none of the grounds were properly raised at any level in the South Carolina

14

courts. However, respondent argues that petitioner has technically exhausted the claims in that he no longer has a state remedy available to him. Therefore, respondent argues that each of petitioner's grounds in this petition are procedurally barred. Respondent asserts that in Grounds One, Three and Four Petitioner raises due process claims. Petitioner did not appeal his guilty plea conviction and only claimed ineffective assistance of counsel in his PCR application not raising due process in the application or at the PCR hearing. Therefore, respondent contends that the due process claims he attempts to raise currently were never properly presented to any South Carolina State Court and have not been ruled upon nor preserved for review by the South Carolina Supreme Court. Therefore, respondent argues that since these claims were not presented to the South Carolina Supreme Court for review and the South Carolina state courts would find them procedurally defaulted if petitioner attempted to raise them now, these claims are procedurally barred in federal habeas corpus.

Respondent also asserts that petitioner's Ground Two, ineffective assistance of counsel, is procedurally barred. Respondent contends that petitioner asserted six arguments in support of his claim of ineffective assistance of counsel in his PCR application but none of those arguments are remotely similar to the argument he asserts in his federal habeas corpus petition pertaining to ineffective assistance of counsel. Therefore, respondent argues that Ground Two is procedurally barred from federal habeas corpus review. Furthermore, respondent asserts that petitioner is also procedurally barred from asserting the claims included in his Supplement to Petition. Respondent argues that Grounds One and Two were never raised before a lower court as they are new arguments never raised and not preserved for review for the South Carolina Supreme Court. Respondent argues that Ground Three in the supplemental petition asserts a claim that his guilty plea was not knowingly, intelligently, and voluntarily made. Respondent states that petitioner did raise a claim

15

asserting his guilty plea was involuntary in his pro se petition for writ of certiorari for his PCR appeal but it was not properly presented to the PCR court. Thus, respondent asserts it was not ruled upon by the PCR Court and not preserved for appellate review and is procedurally barred from habeas relief. Respondent asserts that petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues and cannot show actual innocence.

In his response in opposition to the motion for summary judgment, petitioner does not set forth argument to overcome the procedural default raised by the respondent.

A review of the record reveals that issues in the petition are procedurally barred from habeas corpus review. In Grounds One, Three, and Four, petitioner raises due process violations. In Ground One, petitioner asserts he was denied due process in that the state failed to prove elements of distribution. In Ground Three, petitioner asserts he was denied due process when not allowed to discharge and/or replace his court appointed counsel. In Ground Four, petitioner argues that he was denied due process by not being provided a preliminary hearing.  Petitioner did not file a direct appeal and did not raise these issues as due process issues in his PCR application or in the writ of certiorari or *pro se* petition to the South Carolina Supreme Court. Therefore, the due process issues in Grounds One, Three and Four have not been ruled upon by the state courts and are procedurally barred from federal habeas review. Accordingly, it is recommended that these issues be dismissed.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice. Petitioner has failed to meet this burden. See Murray v. Carrier, 477 U.S. 478 (1986)(A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim). Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995).

In Ground Two of the habeas petition, petitioner asserts ineffective assistance of counsel. Petitioner argues that his appointed counsel failed to adequately challenge the validity of the charge and/or indictment. In Ground One of the supplement to the habeas petition, petitioner asserts that his trial counsel was ineffective for failing "to object to the insufficient indictment deprived the trial court of subject matter jurisdiction."Specifically, petitioner asserts that trial counsel was ineffective for "failing to object to an insufficient indictment that did not contain the elements knowledge or intent which are essential elements of distribution of an unauthorized controlled substance before the jury was sworn thus depriving the trial court of subject matter jurisdiction." These two Grounds raise basically the same issue. This issue of ineffective assistance of counsel pertaining to objecting to the validity of the indictment was not raised in his PCR application[2] or in the writ of certiorari to the South Carolina Supreme Court. Because this issue was not raised by petitioner in PCR, the South

---

[2] In Ground Four of the PCR application, petitioner asserted that "trial counsel failed to object to the adding on of additional charges instead of asking the applicant what his plea was concerning the additional indictments." The PCR court stated that the court did not understand that allegation and asked that the issue be explained. Counsel for petitioner stated that petitioner was "referring to being initially charged with a few drug charges he had during the pendency of those charges he had additional charges and when it came to going to court they wanted to, when it came to him pleading guilty they wanted to run everything together at the same time and he felt that he was entitled to an individual trial on each charge, that they had to prove each individual charge but he felt pressure to do a concurrent sentence for all the charges when he pled guilty." (Tr. 104). Petitioner confirmed that was what he was alleging in this Ground Four of the PCR application.

Carolina Supreme Court would not have been able to review this issue on appeal.  McCullough v. State, 464 S.E.2d 340, 341 (S.C.1995); Pruitt v. State, 423 S.E.2d 127, n. 2 (S.C. 1992)(holding issue must be raised to and ruled on by the PCR judge in order to be preserved for review).  Accordingly, these Grounds  (Ground Two of the habeas petition and Ground One of the supplement to the petition) are barred from habeas review.  Coleman v. Thompson,  501 U.S. 722 (1991). [3]

The way petitioner has set out the grounds in his habeas petition can be confusing. The claims as to ineffective assistance of counsel that are not procedurally defaulted are issues related to the readiness of counsel for trial and her trial experience. Petitioner asserted at PCR that trial counsel was not prepared to go to trial, should have been dismissed as his counsel as she had no trial experience with respect to drug trials, and that he was forced to plead guilty instead of proceeding to trial with counsel that was not prepared.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel.  A Petitioner must first show that his counsel committed error.  If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688.  "The proper measure of attorney

---

[3] Even if the issue pertaining to the state court's jurisdiction was not procedurally barred, it should be dismissed. Any issues raising a challenge to the state court's jurisdiction should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.1998).

performance remains simply reasonableness under prevailing professional norms." <u>Turner v. Bass</u>, 753 F.2d 342, 348 (4th Cir. 1985) (quoting <u>Strickland</u>, <u>reversed on other grounds</u>, 476 U.S. 28 (1986)).  In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal.  <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional  errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Strickland</u>, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide range</u> of professionally competent assistance.  (Emphasis added.)

The <u>Strickland</u> approach applies in the context of a guilty plea. <u>Hill v. Lockhart</u>, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In <u>Hill</u>, the Supreme Court held that in the plea context, counsel's deficient performance is prejudicial only "if there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 59. In <u>Meyer v. Branker</u>, 506 F.3d 358 (4th Cir. 2007), the Court held that "[T]his is an objective inquiry, *see Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir. 1988), and dependent on the likely outcome of a trial had the defendant not pleaded guilty. *Hill*, 474 U.S. at 59-60, 106 S.Ct. 366." <u>Meyer v. Branker</u>, 506 F.3d at 369.

Even though issues pertaining to claims of ineffective assistance of counsel due to her readiness for trial and her experience are not procedurally defaulted, petitioner fails to show the PCR

19

court's findings are contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings. The PCR court found that counsel's testimony was credible, that she had tried criminal cases before, just not a drug case, and that counsel was prepared to go forward with trial. The PCR court determined from the testimony and evidence presented at the PCR hearing that trial counsel's representation did not fall below reasonable professional norms. The PCR court found that trial counsel testified at the PCR hearing as follows: that she met with petitioner and discussed the charges, the potential penalties and whether to enter a guilty plea or proceed to trial; that she was prepared for trial in spite of petitioner's dissatisfaction with her ability to try the case; that petitioner wanted her to request a continuance but that she did not feel as though she could because they had already received a continuance during one term of court and were told to be ready for the next term; that counsel was ready the next two times the case came up but it did not go forward; that even though petitioner wanted her to request a continuance so that he could obtain private counsel, she did not feel she could request a continuance because the judge had made it clear that the case would go forward; that the State was not willing to offer a deal and that is why they were proceeding to trial on the day that petitioner changed his mind and entered the plea; that she did not tell the petitioner that she would have done better if he was a paying client; that she did prepare and was ready to proceed to trial; that she did not cease trial preparation based on the petitioner hiring private counsel because he never hired private counsel; and, that she and the petitioner discussed the fact that his actual hands were not visible on the video-tape and that had the case gone to trial, she would have brought that fact to the jury's attention. (Tr. 114-115). However, trial counsel testified that there was no doubt that it was petitioner on the video-tape and that it was clearly a drug transaction taking place on the tape. Trial counsel testified that had the case gone to

trial, she would have made objections and motions, but that those actions were rendered unnecessary when the petitioner decided to enter a plea. When the case was called, they picked a jury on Monday and then petitioner decided to enter the plea. The PCR court determined trial counsel's testimony to be more credible than that of the petitioner and that "trial counsel did the best she could with a client who was not cooperating with her." (Tr. 116).  The PCR court determined from the evidence and testimony presented that it was petitioner who was "primarily concerned with obtaining a continuance and not with trial counsel's ability to handle the case and that he was making complaints against trial counsel as a means to secure the continuance." (PCR order, Tr. 116).  The PCR court found that courts do not presume ineffective assistance of counsel from a lack of criminal trial experience and that trial counsel had handled numerous criminal cases and that her representation in this case was well within the range expected of attorneys in this state. Even though trial counsel testified that she had not handled a jury trial in a drug case, she had handled several criminal trials and was very familiar with jury trials. The PCR court found that petitioner failed to carry his burden of proof to show that trial counsel's representation fell below reasonable professional norms or that he was prejudiced by the alleged deficient representation in that he did not show a reasonable probability that the result would have been different had trial counsel done what the Applicant alleges she should or should not have done.

The undersigned concludes that the record supports the state PCR court's holding and it is not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings. Petitioner has failed to meed his burden to show error.

Ground Two raised by petitioner in his supplement to the petition is procedurally barred. Petitioner asserts that his counsel had a conflict of interest and the court violated his rights by not

appointing him counsel without a conflict of interest. Petitioner cites to the case of <u>U.S. v. Armedo-Sarmiento</u>, 524 F.2d 591 (2d Cir. 1975) in support of this issue. A review of that case reveals that the court reversed a conviction where the retained attorney was disqualified based on prior representation of a prior witness without offering the current client a right to waive the conflict. In the <u>Armedo-Sarmiento</u> case, the court held that a defendant may waive the right to have his retained counsel free from conflict of interest.

In this Ground, petitioner did not state what conflict of interest he alleges his trial counsel had that would prevent her from representing him. This issue of ineffective assistance of counsel and/or trial court error as to a conflict of interest was not raised in the PCR application or at the PCR hearing. Therefore, it was not reserved for review by the South Carolina Supreme Court. Furthermore, this issue was not raised in the <u>Johnson</u> petition or the petitioner's *pro se* petition for writ of certiorari. Petitioner has failed to show cause to overcome this default so that actual prejudice need not be addressed. See <u>Murray v. Carrier</u>, 477 U.S. 478 (1986)(A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim). Absent a showing of "cause," the court is not required to consider "actual prejudice." <u>Turner v. Jabe</u>, 58 F.3d 924 (4th Cir. 1995).

In Ground Three of the supplemental petition, petitioner asserts as follows:

PETITIONER'S CONSTITUTIONAL RIGHTS WERE NOT PROTECTED WHEN COUNSEL DID NOT EXPLAIN IN DETAIL THE (3) THREE RIGHTS WHICH WERE WAIVED BY PLEA • Admissibility of confession must be based on reliable determination on voluntariness issue which satisfies constitutional rights of defendant. (See <u>Jackson v. Denno</u>, 378 U.S. 368, 387, 84 S.Ct 1774, 1786, 12 L.Ed 2d 908).

In order for Petitioner's plea (waiver) to be valid under Due Process

22

> Clause, it must be an intentional relinquishment or abandonment of
> a known right or privilege.

(Doc. #15).

If petitioner is attempting to raise an ineffective assistance of counsel issue arguing counsel did not inform him of the rights he was giving up by entering the plea, this issue is procedurally barred in that it was not raised in the PCR application, not ruled upon by the PCR judge, and not preserved for review by the South Carolina Supreme Court. This issue was not raised in this manner at the PCR hearing. At PCR, petitioner alleged counsel was ineffective because she talked him into pleading guilty because she did not want to go to trial not that she failed to inform him of the rights he was waiving by pleading guilty.[4] Thus, this issue was not addressed in PCR and, thus, would not have been preserved for review by the state supreme court. Even if the issue of whether trial counsel informed him of the rights he would waive by pleading guilty is not procedurally barred, it should be dismissed as it lacks merit. Petitioner could not show prejudice if his trial counsel did not inform him of the constitutional rights he waived by pleading guilty because the trial court clearly informed petitioner of his constitutional rights and that he would be waiving those rights by pleading guilty. Petitioner still chose to plead guilty and was aware of his rights before waiving them.

If petitioner is attempting to raise this as a due process violation, it was not raised on direct appeal or in the PCR application. In the petition for writ of certiorari and the *pro se* petition for writ, the issue raised was that petitioner's guilty plea was not voluntarily and knowingly entered into because he was not informed of the rights he was waiving by pleading guilty because trial counsel only talked to him two times, that the video tape of the alleged drug buy did not show petitioner

---

[4] See discussion as to ineffective assistance of counsel related to issues pertaining to lack of readiness for trial and lack of trial experience on pages 18-21 of this report and recommendation.

23

selling or purchasing drugs, that defense counsel had never tried a drug case before, and that the confidential informant would have testified that it was not petitioner who bought the drugs. Thus, it was asserted that due to ineffective assistance of counsel, it was impossible for petitioner to make a voluntary and intelligent choice of whether to plead guilty. Therefore, the issue  whether or not petitioner's guilty plea was voluntarily and knowingly entered into as raised in his federal habeas petition is procedurally  barred.

In the event this issue as to whether or not the petitioner's plea was knowing and voluntary based on whether he was informed of the rights he was waiving (Ground Three in the supplemental petition) is not found to be procedurally barred, it is recommended that the issue be denied. A review of the plea transcript reveals that the court questioned petitioner as to whether or not he had any questions about the plea which he replied he did not. He was also asked by the court if he was entering the plea of his own free will to which he responded  "yes, sir." (Plea Tr. 26). In accepting a guilty plea, the court must determine whether it represents an informed intelligent decision by the defendant, Boykin v. Alabama, Id. , after he understands all of the constitutional protections to which he is entitled, as well as the charges against him, Henderson v. Morgan, 426 U.S. 637, 645, n.13 (1976).  At the plea hearing, the defendant must also be advised of the immediate results of his plea, including the maximum sentence he may receive and any mandatory minimum sentence, Manley v. United States, 588 F.2d 79 (4th Cir. 1978).

The undersigned reviewed the transcript and concludes that the trial judge complied with Boykin, supra.  It is clear from the trial transcript that the trial judge carefully questioned the petitioner as to his understanding of the plea and to his right to a jury trial.  As well, the trial judge communicated with trial counsel on these issues.  A review of the plea transcript reveals the

24

following colloquy before the plea was taken:

| | |
|---|---|
| Mr. Andrews: | You do have the right to have a jury trial, I know that you are aware of that because we had to pick a jury in at least one of these cases to begin this morning. As a defendant you don't have to prove that you are not guilty. The state always [h]as the burden of proving that you are guilty beyond a reasonable doubt. You would have the opportunity to subpoena witnesses, to come in and testify on your behalf. You would have the opportunity to present whatever defenses might be available to you. But the burden of proof would be on the state and would remain on the state to prove your guilt beyond a reasonable doubt before you could be convicted. That is the purpose of the trial. If you plead guilty you give up the right to have a jury trial and there would not be a jury trial either in the case that we have already picked a jury for or in either one of the other cases. Do you understand that? |
| Mr. McDowell: | Yes, sir. |
| The Court: | All right. You have the right of confrontation, and the best way that I can explain that for you, Mr. McDowell is to tell you that you have got the right to look at and to see who the witnesses against you are. You have the right to have your lawyer cross-examine those witnesses while they testify. When a person decides to plead guilty then the state is not required to bring their witnesses to court. So, you have given up your right to confront and to question the people who would have testified against you if you had gone to trial. You do that if you plead guilty, do you understand that? |
| Mr. McDowell: | Yes, sir. |
| The Court: | Another important constitutional right that you have is your constitutional right to remain silent. There is no one who could force you to take the witness stand and to testify against yourself. The solicitor could not make you do that, your lawyer could not make you do that, the judge couldn't make you do that. It is an important constitutional right. If you chose not to testify, I would instruct the jury, I would order the jury not to hold that against you, they couldn't even talk about that in the jury room. And it is impossible for person to remain silent. But that is another right that you will give up if |

|                  | you do plead guilty, do you understand that?                                                                                |
|------------------|------------------------------------------------------------------------------------------------------------------------------|
| Mr. McDowell:    | Yes, sir.                                                                                                                     |
| The Court:       | At this time do you have any questions about these rights that I have gone over with you so far?                             |
| Mr. McDowell:    | No, sir.                                                                                                                      |
| The Court:       | Do you understand that you have given up those right if you plead?                                                            |
| Mr. McDowell:    | Yes, sir.                                                                                                                     |
| The Court:       | Is that what you want to do, Mr. McDowell?                                                                                    |
| Mr. McDowell:    | Yes, sir.                                                                                                                     |
| The Court:       | Are you guilty of these charges?                                                                                             |
| Mr. McDowell:    | Yes, Sir.                                                                                                                     |

(Plea transcript p. 26-28).

The court stated the possible sentences on the charges and asked trial counsel if petitioner understood the charges and the possible sentences to which she replied he did. The court also questioned the petitioner as to whether the possible sentences on the charges had been explained to which he responded they had and that he had no questions about the charges or possible sentences. (Tr. 25). Petitioner stated that he was entering the plea of his own free will. The Court also questioned petitioner as to whether anyone had promised him anything or told him what his sentence would be as it was a straight up plea and not a negotiated plea to which he responded "no, sir." (Tr. 31-32). The court questioned petitioner and counsel as to whether or not he understood that because the offenses, the distribution, were third offenses he was subject to the 85% rule under whatever

26

sentence was imposed to which both replied he understood. Further, the court explained to petitioner that if the plea was accepted and at some point in the future he had future drug charges, with these on his record those would carry more severe penalties to which petitioner stated he understood. (Tr. 26). The court also questioned trial counsel and petitioner as to whether petitioner understood that his offenses were all classified as serious offenses to which both responded that he had been informed and understood. (Tr. 34-35).

Thus, the transcript reveals the ramifications of his guilty plea and the rights he was waiving were discussed with petitioner, and petitioner stated he understood. As set out above, the trial court questioned the petitioner thoroughly about his guilty plea and the possible maximum sentences. Additionally, the trial court carefully questioned the petitioner as to his understanding of his guilty plea and his right to a jury trial.  It is apparent from the trial transcript that the petitioner clearly communicated with the trial judge and clearly understood the charge to which he was pleading guilty.   Therefore, it is recommended that this issue be dismissed as there has been no constitutional violation with respect to Ground Three of the supplemental petition. Accordingly, the undersigned recommends that the respondent's motion for summary judgment be granted on this Ground.


## VI.  CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondent's motion for summary judgment (document #16 ) be GRANTED.

Respectfully Submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 28, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**